## ! Lowry *against* Mehaffy.

An agreement for the sale of land, reduced to writing, specifying the conditions of the sale, signed by the vendor alone, and delivered to the vendee, is sufficient to take the case out of the operation of the statute of frauds and perjuries: but especially so if the agreement has been partly executed by payment of part of the purchase-money, and delivery of possession of the land to the purchaser.

If by an agreement between a vendor and vendee of land, the latter agree to pay the purchase-money within five years, with interest, payable semi-annually, and the vendor agree to make a conveyance upon the payment of the purchase-money, or sooner upon the vendee executing a bond and mortgage to secure the payment of it; and no demand be made upon the vendor for the conveyance, he may, upon failure to pay the interest, maintain an action against the vendee for its recovery, without a previous tender of a conveyance.

ERROR to the common pleas of *Erie* county.

Action of assumpsit brought in the court below by Thomas Mehaffy against William L. Hale and Nathaniel A. Lowry, to recover one year's interest upon the sum of 8300 dollars, being the balance or residue of 10,800 dollars, the amount of the purchase-money agreed to be paid by the defendants below to the plaintiff upon a contract made between them for the sale and purchase of a certain messuage and piece of ground situate in the borough of Erie, being parts and parcels of lots Nos. 2695 and 2696, according to the general plan of said borough. By the terms of the agreement, 2500 dollars of the purchase-money was to be paid in hand, by the defendants below giving to the plaintiff their negotiable note, payable at ninety days, which was accordingly done; and the residue in five years, with interest thereon, to be paid semi-annually; the plaintiff below was, if called on for that purpose, to make a deed of conveyance to the defendants, investing them with the title in fee simple to the ground upon the defendants securing to the plaintiff the payment of the said residue of the purchase-money, with interest thereon as aforesaid, by giving their bond and a mortgage on the property sold. The plaintiff, at the request of the defendants, gave them his agreement in writing, signed by himself, but not by the defendants, containing a specification of the terms of the contract, by which he bound himself to make a deed of conveyance upon the payment of the purchase-money with interest thereon as aforesaid, or whenever called on to do so by the defendants, upon their securing it to be paid as above stated; and the defendants at the same time gave the plaintiff their negotiable note for the payment of the 2500 dollars in ninety days, which was afterwards paid by them. The plaintiff also delivered possession of the messuage and piece of ground to the defendants, which they received and

by their agent offered for sale, who, not being able to sell the same on the terms prescribed, leased the same and received the rent thereon, as it accrued for the use of the defendants. The cause was referred to arbitrators under the compulsory arbitration law, and an award was made and filed in favour of the plaintiff for the amount of his claim; from which Lowry alone appealed. Lowry denied that he was joined with Hale in the purchase; or that he had agreed with Mehaffy for the purchase of the property in any way, and therefore refused to have any concern in either paying or accepting a title for it. On the trial of the cause in the court below several bills of exception were taken, two to the admission and one to the rejection of evidence. Several points were also submitted, by the counsel of the defendants below, to the court, for their direction thereon to the jury; to the direction given by the court on most of these points, exception was taken by the defendants' counsel. It is however unnecessary to state them at large; because the errors insisted on present but two questions. First, Was there such a contract made between the parties as to take the case out of the act against frauds and perjuries? Secondly, Was the plaintiff below bound to execute and tender to the defendants such a deed of conveyance, as he agreed to make them before he could entitle himself to maintain this action?

The court below (Eldred, president) ruled both these points in favour of the plaintiff.

*Galbreath,* for plaintiffs in error, on the first question, referred to the act against frauds, and cited 5 *Watts* 525, which was relied on by the court below, and endeavoured to distinguish the case there from the present. And on the second point 8 *Serg. & Rawle* 287; 2 *Penns. Rep.* 145; 2 *Watts* 478.

*Walker,* for defendant in error, who was requested by the court to confine himself to the second question, cited 11 *Serg. & Rawle* 450; 5 *Watts* 420; 1 *Wheat. Selw.* 115, *Appendix* 517; 11 *Wend.* 48.

The opinion of the court was delivered by

KENNEDY, J.—In regard to the first question, it may be observed, that in England it seems to be well settled, if the agreement be signed by one of the parties only, it is sufficient to bind him, because, according to the terms of their statute against frauds, it only requires the writing to be signed by the *person to be charged.* 1 *Sug. Vend.* 84, 85, 9*th ed.* and the authorities there quoted. But our act against frauds is more free, if possible, from all objection of this kind than the English; because our act does not declare the agreement void if not reduced into writing and signed by the parties; nor yet does it declare, as the English statute does, that *"no action shall be brought* whereby to charge any

person upon any agreement made upon any contract or sale of lands, tenements, hereditaments, or any interest in or concerning them, unless the agreement upon which such action shall be brought or some memorandum or note thereof shall be in writing, and signed by the *party to be charged* therewith, or some other person thereunto by him lawfully authorised;" our act so far as it goes is substantially a copy of the English statute; but then it goes no further than to enact that " all leases, estates, interests of freehold, or term of years, or any uncertain interest of, in or out of any messuages, manors, lands, &c., made 'or created by livery and seisin only, or by parol, and not put in writing and signed by the parties so making or creating the same, or their agents thereto lawfully authorised by writing, shall have the force and effect of leases or estates at will only, and shall not either in law or equity, be deemed or taken to have any other or greater force or effect, any consideration for making any such parol leases or estates, or any former law or usage to the contrary notwithstanding; except, nevertheless, all leases not exceeding the term of three years from the making thereof; and moreover, no leases, estates, or interests, either of freehold or terms of years, or any uncertain interest of, in, to or out of any messuages, manors, lands, tenements or hereditaments, shall at any time be assigned, granted or surrendered, unless it be by deed, or note in writing, signed by the party so assigning, granting or surrendering the same, or their agents thereto lawfully authorised by writing or by act or operation of law." From all that is herein contained, it is perfectly manifest that an executory contract for the sale of real estate, or made for the purpose of affecting it in any way, is not to be regarded otherwise than as binding upon the parties, though not reduced to writing and signed by them; and that in case of either refusing to perform it, he makes himself liable to the other for the loss which the latter shall sustain by reason of such non-performance. 4 *Dall.* 152; 1 *Binn.* 450. It would seem that, even in England, where a written agreement has been in part executed, and an agreement subsequently entered into between the parties, and reduced to writing, both will be bound thereby, if signed by one of them. Owen *v.* Davis, 1 *Ves.* 82–3. It has been held that a receipt for the purchase-money may constitute an agreement in writing within this statute. Coles *v.* Trecothick, 9 *Ves.* 234; Blagdon *v.* Bradbear, 12 *Ves.* 466; and it has frequently been decided, that a note or letter will be a sufficient agreement to take the case out of the statute. Coleman *v.* Upcot, 5 *Vin. Abr.* 527, *pl.* 17; Buckhouse *v.* Crossby, 2 *Eq. Ca. Abr.* 32, *pl.* 44; 1 *Sug. Vend.* 87, *9th ed.* In the present case the defendants had an agreement in writing, signed by the plaintiff, binding him to convey the property to them and to give them a title for the same in fee, so that they, upon fulfilling what they agreed to do on their point, had it in their power to recover the property from the plaintiff, had he refused to let them have it. But having been let into

[Lowry v. Mehaffy.]

the possession of it by the plaintiff below, they could entitle them-selves to hold it for ever by paying or tendering to him the pur-chase-money. Besides, the great object of the act was to prevent the owners of real estate from having their right in the same affected by means of parol evidence, unless to the extent of leases not exceeding a term of three years. Because, from long experi-ence it had been found, that men in many instances had been de-frauded of their rights in such estates, by credit having been given to parol evidence wholly untrue, either from want of accurate re-collection, or from the misunderstanding or perjury of witnesses. It was therefore to protect the owners of such estates that the act was passed and couched in the terms that we find it; and conse-quently, in order to meet and satisfy its design, an agreement reduced into writing and signed by the owner of the estate, speci-fying the terms and conditions fully upon which he has agreed to part with any right in it, and at the same time delivered to and accepted of by the other party, would seem to be sufficient with-out its being signed by the latter, to whom the owner agrees to pass the right. In the present case this was not only done, but the agreement was also partially carried into effect by the payment of nearly one-fourth of the purchase-money, and the delivery of the possession of the property sold, to the vendees by the vendor. We therefore consider that the vendee in such case may, by action against the vendor, compel the payment of the residue of the pur-chase-money; and on the other hand, if the vendee voluntarily pays or tenders the residue of the purchase-money, he may hold the property in the same manner as if it were conveyed to him according to the terms of the agreement.

The rule laid down by Sergeant Williams in note 4 to Pordage *v.* Cole, 1 *Saund.* 320, and adopted by this court in Edgar *v.* Boies, 11 *Serg. & Rawle* 450, and in Stevenson *v.* Kleppinger, 5 *Watts* 421, would seem to rule the second question in this case in favour of the plaintiff below. The rule is, if a day be appointed for pay-ment of money, or part of it, or for doing any other act, and the day *is* to happen, or *may* happen *before* the thing which is the consideration of the money or other act to be performed, an action may be brought for the money, or for not doing such other act *before* performance; for it appears that the party relied on his *re-medy*, and did not intend to make the *performance* a condition precedent; and so it is where no time is fixed for the perform-ance of that which is the consideration of the money or other act. Here the payment of the residue of the purchase-money, with the interest thereon, was to precede the making of the deed of convey-ance, unless the defendants should elect to have it before, and give to the plaintiff below their bond and a mortgage securing the pay-ment of the residue of the purchase-money, in five years from the date of the agreement of sale, with interest thereon, to be paid semi-annually. Until this election shall be made, the plaintiff be-

[Lowry v. Mehaffy.]

low cannot be placed under any obligation to make the deed before the five years shall come around, when the residue of the principal of the purchase-money shall become payable. It cannot be pretended that any such election was ever made; on the contrary, it appeared on the trial that Lowry denied that he was ever a party at all to the agreement, and refused to become bound for the payment of the residue of the purchase-money in any way whatever. We therefore think that the plaintiff below was not bound to execute and tender a deed of conveyance to the defendants before bringing this action, for the purpose of enabling him to maintain it.

Judgment affirmed.