# Prospect Dye Works v. Federal Insurance Company, Appellant.

*Insurance—Fire insurance—Insurable interest—Parol agreement to purchase real estate.*

One who has entered into merely a parol contract to purchase real estate, which cannot be enforced under the statute of frauds, has no insurable interest in the property as an unconditional and sole owner, within the meaning of such words, in a policy of fire insurance.

Argued Nov. 16, 1906. Appeal, No. 225, Oct. T., 1906, by defendant, from judgment of C. P. Berks Co., Sept. T., 1905, No. 12, on verdict for plaintiff in case of Prospect Dye Works v. Federal Insurance Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit on a policy of fire insurance. Before ENDLICH, J. The facts are stated in the opinion of the Superior Court. The court give binding instructions for plaintiff.

Verdict and judgment for plaintiff for $1,344.50. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Isaac Hiester*, for appellant.—It is well settled in this state that an insurable interest is one which can be enforced at law or in equity : Farmers' Mut. Ins. Co. v. Turnpike Co., 122 Pa. 37 ; Greenlee v. Greenlee, 22 Pa. 225 ; Bodine v. Glading, 21 Pa. 50 ; Meason v. Kaine, 63 Pa. 335 ; Rohrbach v. Germa-

nia Fire Ins. Co. 62 N. Y. 47 ; Essex Savings Bank v. Ins. Co., 57 Conn. 335 ; Lloyd's App., 82 Pa. 485 ; Ostrander on Fire Ins., sec. 85, p. 271 ; Burkhart v. Ins. Co., 11 Pa. Superior Ct. 280.

The consummation of the agreement after the fire relates back so as to entitle the purchaser to recover for the loss previously occurring : Rockland, etc., Coal & Oil Co. v. McCalmont, 72 Pa. 221.

*M. H. Schaffer*, of *Rieser & Schaffer*, for appellee.—An insurance company which has issued a policy upon a parcel of real estate cannot prevent recovery thereon by showing that the title of the insured rested only in parol : Whitmore v. Ins. Co., 148 Pa. 405 ; Lloyd's App., 82 Pa. 485 ; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460 ; Taylor v. Adams, 2 S. & R. 534 ; Ambrose v. Fire Ins. Co., 19 Pa. Superior Ct. 117.

OPINION BY MORRISON, J., March 11, 1907 :

On December 31, 1904, Otto Reisman offered to sell to the plaintiff a factory then in the possession of the latter as Reissman's tenant. The property was to be conveyed subject to a mortgage of $9,000 and an additional consideration of $18,000, which was to be secured by a second mortgage. It is conceded that no written contract was made, no part of the purchase money paid and no possession taken under the agreement, until after the destruction of the property by the fire which gives rise to this suit.

Before the execution and delivery of any written contract or conveyance whatever, on January 14, 1905, the plaintiff took out a policy of insurance on the property from the defendant company with a loss clause payable to Reissman as mortgagee. On January 18, 1905, before the execution and delivery of any title for the property to the plaintiff, there was a loss by fire. Subsequent to the fire, at a time not precisely shown by the evidence, Reissman conveyed the property to the plaintiff. The rental, which was payable monthly, had been paid till December 31, 1904.

At the close of the evidence the defendant presented the following points : 1. The plaintiff has not shown any insurable interest at the time of issuing the policy nor at the time of the

fire. 2. The plaintiff has not shown unconditional and sole ownership at the time of the issuing the policy nor at the time of the fire. 3. There is no evidence in the case entitling the plaintiff to recover. 4. Under all the evidence in the case the verdict must be for the defendant.

The learned court charged the jury as follows : " There isn't anything that it will be necessary for you to pass upon in this case. For the present the plaintiff is entitled to a verdict for the claim that it has made. I therefore ask you—and I take the full responsibility for the verdict—to render a verdict for the plaintiff for $1,344.55." (Exception to the charge of the court noted for defendant.) Defendant's counsel moved for judgment in favor of the defendant non obstante veredicto, but the court overruled the motion and entered judgment on the verdict.

At the time of the fire the plaintiff had no title but a mere expectancy of becoming owner, and this undoubtedly depended upon the continued willingness of the vendor to convey, until the conveyance should be made. The policy of insurance contained the following : " This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void . . . . or if the interest of the insured be other than unconditional and sole ownership." We thus have the question, plainly raised, whether the plaintiff had an insurable interest in the property which entitled it to recover on a policy wherein it was insured on the theory that it was the unconditional and sole owner of the property insured.

The learned court below in the opinion discharging the rule for a new trial and for judgment for the defendant non obstante veredicto, concedes that at the date of the insurance the plaintiff had no contract, title or right to title satisfying the demands of the statute of frauds, and that as between landlord and tenant (a relation which subsisted in the present case), there can be no delivery of possession capable of taking out of the statute a parol sale of the leased property by the landlord to the tenant, the latter continuing in possession : Greenlee v. Greenlee, 22 Pa. 225. It is also conceded that, in order to afford a basis for a valid contract of insurance there must be in the insured, at the time, an interest capable of enforcement at law or in equity : Insurance Co. v. Turnpike Co., 122 Pa.

37. The learned court then takes the position that none of the principles seem to present any difficulty in this case, saying it is well understood that, in this state, the statute of frauds does not avoid a parol sale of land; it simply restrains its effect; citing Tripp v. Bishop, 56 Pa. 424, 427. But that case clearly holds that the remedy is an action for a breach of the parol contract, and the measure of damages is not the price agreed to be paid.

The next position is: The parties, however, or those standing in their shoes, may take the contract out of the statute by waiving its restrictions and confessing their obligation; citing Christy v. Brien et al., 14 Pa. 248; Houser v. Lamont, 55 Pa. 311; Coal & Oil Co. v. McCalmont, 72 Pa. 221; Lloyd's Appeal, 82 Pa. 485; Burkhart v. Ins. Co., 11 Pa. Superior Ct. 280. And, where they choose so to do, not only can no one else insist upon the application of the statute, as all the cases just referred to show, but equity will enforce the contract, citing: TILGHMAN, chief justice, in Taylor v. Adams, 2 S. & R. 534, at p. 535: "Although the act of frauds declares that no title shall pass greater than estate at will without a contract in writing, yet on a bill in equity filed against the vendors, if they confessed the agreement, they would be decreed to execute a conveyance." To the same effect is the language of GIBSON, C. J., in Christy v. Brien, 14 Pa. 248.

Now, right here is the pinch of the present case. Certainly it is true, and no well-informed Pennsylvania lawyer will dispute at this day, that where a bill sets up a parol agreement to convey by vendors, and they appear to the bill and confess the agreement, and do not set up the statute of frauds, the court of equity would have ample power to decree the execution of a legal title. But suppose they do not confess the agreement, or, confessing it, set up the statute of frauds, and, like the case at bar, there is no written contract, no payment of purchase money by the vendee and no possession under the parol agreement; then it is equally true that no court of equity would have power to decree a conveyance of any title whatever. This brings us to the exact situation in the present case. At the time the plaintiff took the insurance on the dye works, as sole and unconditional owner, it had no title whatever but a simple parol agreement for a conveyance which was not made until

after the injury of the property by fire, nor had it any legal possession under the agreement of sale, nor had it paid any part of the purchase money. Upon this conceded state of facts it is beside the point to say that the vendor subsequently recognized the parol agreement and conveyed the property. To be sure he did, and why not? It might be inferred it was done for the very purpose of holding the insurance company to pay the loss. Suppose there had been no fire and the insured property had doubled in value and the vendor had seen fit to repudiate his parol contract and sold the property to another, will any lawyer in Pennsylvania contend that the vendee would have any remedy except his action for damages for the breach? If such contention be made it is in the teeth of all of our decisions.

All definitions of an insurable interest import an interest in the property insured which can be enforced at law or in equity: Miltenberger v. Beacom, 9 Pa. 198. In Wood on Fire Insurance, 625, it is said : " A right, too, must be of such a nature, in order to constitute an interest, as the law will recognize and enforce, for a mere moral title will not sustain an insurance."

The interest must be enforceable either at law or in equity: 1 Wood on Fire Insurance, 656.

In Wilson v. Insurance Co., 19 Pa. 372, LOWRY, J., said : " Interest in the property insured is an essential link in the relation of insurance :" Farmers' Mut. Ins. Co. v. Turnpike Co., 122 Pa. 37.

To entitle a party to a decree for specific performance, the contract must be mutual. Both parties must by the agreement have the right to compel specific performance : Bodine v. Glading, 21 Pa. 50.

" A vendor cannot maintain an action to recover the purchase money on a verbal agreement of sale. ·

" In an action on a verbal contract by the vendee against the vendor, the jury cannot give a conditional verdict to be released on the payment of the purchase money :" Meason v. Kaine, 63 Pa. 335.

The cases cited by the appellee do not sustain the judgment of the court below.

" An insurance company which has issued a policy upon a parcel of real estate cannot prevent recovery thereon by show-

ing that the title of the insured rested only in parol : " 29 Am. & Eng. Ency. of Law (2d ed.), p. 810.    This is undoubtedly good law if the company accepted the risk knowing that the insured only had a parol title.    Again it is good, under all the decisions, if he was in possession under a parol title, enforceable at law or in equity.

In 11 Am. & Eng. Ency. of Law (1st ed.), 313, it is said : " So a vendee in possession, under a contract for title on payment of the purchase money, has an insurable interest to the full value of the property, even though he could not enforce the contract if resisted."    In support of this proposition a large number of cases are cited, most of them not Pennsylvania cases.    Among the authorities, however, we find, Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460 ; Eliott v. Ashland Mut. Fire Ins. Co., 117 Pa. 548, and Columbian Ins. Co. v. Lawrence, 27 U. S. 25.    These cases do not sustain the proposition that a vendee, not in possession, under a parol contract, without payment of any of the purchase money, can recover insurance placed on the property on his representation that he was the sole and unconditional owner, and where the company accepted the risk on such representation.

In Columbian Ins. Co. v. Lawrence, 27 U. S. 25, the court below was reversed for allowing a recovery where the offer for insurance did not state truly the interest of the assured in the property to be insured.    In that case it is held that an equitable interest may be insured, but, of course, it is meant an equitable interest susceptible of being enforced either at law or in equity.

In Whitmore v. Ins. Co., 148 Pa. 405, the title rested in parol but it was proven that the insured had an agreement with his sisters and brothers, who were tenants in common ; he had no conveyance, but he entered upon the property and erected a dwelling house thereon and entered into possession and continued there ever since.    This was a title that might have been enforced in a court of equity.

In Appeal of Lloyd, Huff and Watt, 82 Pa. 485, the vendee purchased the lots and entered into possession and the vendor recognized his purchase by making a deed founded upon it. The question there was whether a judgment entered against the vendee prior to the conveyance to him bound his interest

in the land. That case does not decide that he was the sole and unconditional owner of the property prior to the conveyance to him. It simply decides that he had an equitable interest which could merge in the legal estate when acquired, and could in the meanwhile be bound by the lien of a judgment. But in that case the vendee had the full possession of the land.

The appellee also cites Ins. Co. v. Dunham, 117 Pa. 460, but that was a case where the insured had possession and an equitable title. Mr. Justice CLARK (p. 478) said: "We are of opinion, upon a full examination of this case, in the light of all authorities, that Seeley's title, under his contract, must be regarded as equivalent to a fee simple; that the unpaid purchase money must be treated as an incumbrance upon it; and that, in respect of the insurance, he must be considered the entire, unconditional and sole owner." And why was that said? Because there was a binding contract of sale between the vendor and vendee and the latter had entered into full possession and made valuable improvements upon the land and bound himself legally to pay the purchase money. Of course it was not difficult to say that he was the owner.

In Ambrose v. Ins. Co., 19 Pa. Superior Ct. 117, we have a case where the plaintiff agreed to sell a house and a piece of land to a vendee who paid part of the purchase money and entered into possession. Thereafter defendant insured the vendor against loss by fire to said house. The insurance policy provided that it be void if the interest of the insured be other than unconditional and sole ownership. The house was destroyed by fire within the time mentioned in the policy. Held, that the insured could not recover. The reason of this decision is that the insured had conveyed a good equitable title to his vendee and the vendee was, within the meaning of the law, the owner; the vendor simply holding the legal title as security for the balance of the purchase money.

Upon careful consideration of the whole case, as disclosed in the record, and the authorities referred to, and others, we feel compelled to sustain all of the assignments of error.

The judgment is reversed, and judgment is now directed for the defendant on the motion for judgment non obstante veredicto.