# Matson *v.* Slaugenhaupt, Appellant.

*Landlord and tenant—Term — Rent — Statute of frauds — Evidence.*

In an action for rent plaintiff declared upon a verbal lease for ten months with a further privilege or option to the lessee for a further term of four years. The defendant claimed that he rented from month to month with an option to rent the property for three to five years. A written lease for ten months containing the option referred to in the statement was signed by the plaintiff, but not by the defendant, and the latter refused to produce the writing at the trial. *Held,* (1) that the only issue between the parties was whether there was a lease from month to month or for ten months; (2) that the reference to the option in the statement of claim and the testimony of the defendant was immaterial; (3) that the lease was not within the Statute of Frauds; (4) that even if the written lease should be considered, it would not be within the statute, as it was signed by the lessor which was all that was necessary; and (5) that a verdict for the plaintiff on the conflicting testimony should be sustained.

Argued May 1, 1916. Appeal, No. 41, April T., 1916, by defendant, from judgment of C. P. Jefferson Co., Jan. T., 1914, No. 161, on verdict for plaintiff in case of U. J. Matson, George R. Matson and Norman D. Matson, doing business as R. M. Matson's Sons, v. W. E. Slaugenhaupt. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for rent. Before REED, P. J.

Rent was claimed for the month of January, 1911, and $25 for each of the months of February and March, 1912, that being amount of loss on re-rental. Other facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $205.83. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*John S. Cort,* with him *W. N. Conrad* and *E. A. Carmalt,* for appellant.

*John W. Reed,* with him *W. L. McCracken,* for appellees.

OPINION BY WILLIAMS, J., October 9, 1916:

The issue tried in this case was whether the defendant had made with the plaintiffs the oral lease declared upon for the term from June 1, 1911, to April 1, 1912, or whether it was simply a lease from month to month as averred by the defendants. The issue was purely one of fact and the verdict of the jury settles the contention in favor of the plaintiffs.

A lease was prepared, signed by the plaintiffs and handed to the defendant, who refused to sign because it was not prepared according to his understanding of its terms, viz: the time when the rent should be payable. He refused, although called upon, to produce the lease at the trial. From the testimony of the defendant it appears that the minds of the parties met only upon one question, which was, that the defendant was to have a tenancy from month to month. He says: "We talked about three years and we talked about five years......I don't know whether it was three years or five years," but nothing was agreed to. He said that after he took possession, Matson asked him for a lease, and they went over the thing and he told him if he would make out a lease from month to month he would sign it. He said: "And so we decided on that, and he said he would mail me a lease, which he did later, and it was not in accordance with our agreement and therefore I refused to sign the lease." On cross examination he said that "I told him (Matson) if he would make out a lease from month to month I would sign it and if I stayed beyond the 1st of April......if I wanted to stay any longer than the 1st of April, 1912, I wanted an option from that on."

It will thus be clearly seen by the testimony of the de-

fendant himself that no agreement was reached by the parties respecting the alleged option adverted to unnecessarily by the plaintiffs in their statement of claim. We may, therefore, dismiss it from consideration, for if there was no agreement as to an option for a longer term, there was but one question before the jury: Was the lease, admittedly oral by reason of the defendant's refusal to sign a written one, for the period alleged and proved by the plaintiff, or from month to month as alleged by the defendant? This being so, did the averment in the declaration, viz: "The privilege being accorded to defendant to rent the storeroom and basement for four additional years at the same rental if he so desired;" bring the lease within the Statute of Frauds? It would seem not. The plaintiffs having declared upon an oral lease for ten months and the proof offered by either side bearing only on that subject, a recovery in no way depending upon the option; it may, therefore, be considered as surplussage. Moreover, as the lease prepared was signed by the lessor it was not necessary to toll the statute that the lessee should sign it. Such a lease would be effective without the signature of the lessee: Tripp v. Bishop, 56 Pa. 424.

There being no error in the record, the judgment is affirmed.