### STINDT et al. v. STETSON.

#### (District Court, E. D. Pennsylvania. May 26, 1921.)

#### No. 7450.

1. **Frauds, statute of ⊂⊃139(6)—Contract of sale held presumed by plaintiff.**

In an action on a note given for the smelter returns of a mine, wherein defendant set up Sales Act Nev. § 4, claiming that the alleged sale set up by plaintiffs was a chose in action, and was not evidenced by a note or memorandum in writing signed by the defendant, it was a complete answer to defendant's contention that the ore was produced and shipped, and the smelter returns accepted by defendant through a bank, and appropriated in reduction of the note.

2. **Frauds, statute of ⊂⊃118(1)—Promissory note and designation of agent held sufficient written evidence of terms of contract of sale.**

In an action on a note given for the smelter returns of a mine, in a transaction wherein it was agreed that a certain person should be put in charge of the mine as the agent of the defendant, and under the agreement the plaintiffs gave a bank a designation of it as their agent, on or about the date of the deposit with it of the note, *held*, that the note and the designation, as explained by parol evidence, were sufficient evidence in writing of the terms of the contract of sale to take it out of the statute of frauds (Sales Act Nev. § 4).

3. **New trial ⊂⊃64—Verdict for less than jury should have found no ground for new trial.**

The fact that defendant in an action on a note is by the verdict required to pay less than the jury should have found against him is not a valid reason for a new trial on his part.

In Equity. Suit by Charles Stindt and another against G. Henry Stetson. Verdict for plaintiffs, and defendant moves for a new trial. Motion denied.

---

R. W. Archbald, Jr., of Philadelphia, Pa., for plaintiffs.

Graham C. Woodward, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The plaintiffs brought suit against the defendant as one of five makers of a promissory note to the order of the plaintiffs, dated Pioche, Nev., April 15, 1919, payable on or before June 1, 1919, for $67,500. They admitted payments on account of principal, reducing the note to $52,060.58, and claimed interest from July 1, 1919, up to which time they claimed interest had been paid by the makers of the note. The plaintiffs offered the note in evidence and rested.

The defendant, having set up failure of consideration, offered evidence tending to prove that he, together with the other makers of the note, had entered into a contract on or about the date of the note to purchase from the plaintiffs an assignment of a mining lease expiring February 19, 1921, of a lode mining claim located near Pioche, Nev., together with a supplemental agreement, for the net sum of $67,500; that the note in suit was delivered to the Bank of Pioche, to be delivered to the plaintiffs when the plaintiffs should deliver to the bank, for the defendant and his associates, the assignment of the mining lease and supplemental agreement, with the written consent of the lessors to the assignment; that Peter Buol, one of the defendant's associates, was put in possession of the mine as agent of the plaintiffs to operate it for their account pending the consummation of the agreement; and that he also acted as agent of the makers, to oversee the operation of the mine for them and protect their interests.

Buol, having taken charge of the mine, operated it, together with other mining properties, in which the defendant and his associates were interested, with money supplied by them and hauled the ore to the cars. The bank, which was agent under the lease, shipped the ore, received the smelter returns, and paid the royalties to the lessor, and applied the balance to the reduction of the note. Buol, on instructions from the plaintiffs, abandoned the property about September 18, 1919, and notified the plaintiffs that the defendant and his associates canceled the agreement and surrendered the leased property to the plaintiffs; they in the meantime not having obtained the assent of the lessor in writing to the assignment of the lease.

In rebuttal, the plaintiffs offered evidence to show that while there had been negotiations between the parties for the assignment of the lease, it was known during the progress of negotiations that the lease was not assignable without the written consent of the lessor, that consent could not be obtained, and that no agreement was made for an assignment of the lease. The plaintiffs' rebuttal evidence tended to prove that the note was given for the smelter returns of the mine, and that it was agreed that Buol should be put in charge of the mine as the agent of the defendant and his associates; that under the agreement the plaintiffs gave the bank a designation of it as their agent on or about the date of the deposit with it of the note, and that a copy of this designation of agent was sent to one of the defendant's associates; the paper

in question authorized the bank to ship all ores to the smelter, to receive all returns in payment therefor, and after deducting the royalty to pay the balance to the defendant and his associates, the appointment to continue with and expire with the lease; that the note was to be secured by the amounts to be deposited with the bank, to be appropriated in reduction of the note after payment of the royalties; that under the plaintiffs' agreement for sale of the smelter returns after Mr. Buol was put in charge of the operation the bank received the smelter returns and applied them to payment of the royalties and in reduction of the note, together with the further sum of approximately $12,000 received from the defendant.

The issues in the case were thus clearly defined; the defense being based upon failure of consideration because of the plaintiffs' failure to obtain written consent to the assignment of the lease, and the plaintiffs denying that such an agreement had been entered into, but contending that the consideration for the note was the sale of the smelter returns through Buol on behalf of the defendant and his associates operating the mine, shipping the ore, and the smelter returns being paid through the bank for royalties and reduction of the note, and payment of the expenses of the mining operations to be made by Buol out of funds received from the defendant and his associates.

[1, 2] The defendant contended that under section 4 of the Nevada Sales Act (Revised Laws of Nevada, vol. 3, p. 3034) the alleged sale set up by the plaintiffs was unenforceable, because, being a sale of a chose in action, it was not evidenced by a note or memorandum in writing signed by the defendant. The answer to this contention is that, if the contract was as claimed by the plaintiffs, the ore was produced and shipped and the smelter returns accepted by Buol through the bank, and appropriated in reduction of the note. There was therefore no question of an executory contract being the consideration for the note, for the contract had been performed by the plaintiffs. There was nothing further to be done by them after Buol had been put in possession and the designation of agent had been delivered to the bank. Moreover, the two papers together, the note and the designation of agent, being executed at or about the same time, were, as explained by the parol evidence, sufficient evidence in writing of the terms of the contract of sale to take the contract out of the statute. Tripp v. Bishop, 56 Pa. 424; McClintock v. Oil Co., 146 Pa. 144, 23 Atl. 211, 28 Am. St. Rep. 785; Jones v. Pennell, 1 Phila. (Pa.) 539; McFarson's Appeal, 11 Pa. 503; Bayne v. Wiggins, 139 U. S. 210, 11 Sup. Ct. 521, 35 L. Ed. 144.

[3] The jury were instructed that, if they found in favor of the plaintiffs, their verdict should be for the balance claimed upon the note, amounting, with interest, to $56,990.70. Otherwise the verdict should be for the defendant. The jury, in apparent disregard of the instruction of the court, upon some basis of reasoning which is not apparent, rendered a verdict in favor of the plaintiffs in the amount of $27,439.-42. The plaintiffs assigned this as one of their reasons for the granting of a new trial, but withdrew the motion and were satisfied to accept the amount of the verdict. The fact that the defendant is by the

verdict required to pay less than the jury should have found against him is not a valid reason for a new trial upon his part.

The rulings on evidence to which exception was taken have been carefully examined, and in my opinion do not afford any substantial ground of error prejudicial to the defendant. Neither do I discover any error in the charge, or in the refusal of points submitted by the defendant, not covered by the charge.

Motion for a new trial is therefore denied.