## Keller et ux. v. Donkin

*Melvin H. Jenkins*, for plaintiffs.
*Martin F. Duffy*, for defendant.

PAUL, J., March 14, 1938.—Defendant entered into an agreement with plaintiffs to purchase a piece of ground in the City of Pottsville. In searching the title for defendant, Martin F. Duffy, Esq., found that plaintiffs had

acquired title through a deed from Edward Billman and Rose A. Billman. In examining the deed, Duffy noticed that the deed had not been signed at the end thereof, and that no signatures whatever appeared at the usual and required place. However, on the back of the deed at the place termed the receipt, the names of Edward Billman and Rose A. Billman appeared. Below the receipt is the acknowledgment which has been executed by a notary public.

The point at issue is whether Edward Billman and Rose A. Billman, not having signed the deed at the required place, conveyed a good and marketable title to James W. Keller, because if James W. Keller did not receive a good title he cannot convey a good title. As far as conveying title is concerned, this instrument could have been complete without the signing of the receipt and without taking the acknowledgment. The signing of the receipt is immaterial because it is stated on the face of the instrument that the grantors had received the consideration. The purpose of taking the acknowledgment is not to pass title but in order to record the instrument. As this instrument stands, there are no signatures of the grantors preceded by words of conveyance. As above stated, a good title could have passed without the signing of the receipt and acknowledgment, but a good title cannot pass without the deed being signed at the end thereof after the proper words of conveyance. At common law, signing was not essential. Sealing alone was sufficient. This was due to the fact that so many people could not sign their names. The result was an abundance of fraud. To correct this evil the statute of frauds was passed, Act of March 21, 1772, 1 Sm. L. 389.

"The Statute of Frauds was passed for the protection of landowners. . . . To secure this protection it prescribed a rule of evidence, by which alone their estates can be diverted." It is not necessary under the statute of frauds that the writing should be signed by both parties; the grantor *must* sign it: Tripp et al. v. Bishop,

56 Pa. 424, 429. See also Everhart et al. v. Dolph et al., 133 Pa. 628, 640, Cadwalader v. App et al., 81 Pa. 194, 210, and Miller v. Ruble et ux., 107 Pa. 395.

This instrument was not signed by the grantors. Hence, it was not a compliance with the statute of frauds and, as the record now stands, James W. Keller and Mary E. Keller, his wife, cannot convey to Edward Malcolm Donkin a good and marketable title.

And now, March 14, 1938, judgment is directed to be entered in accordance with the agreement in the case stated, for Edward Malcolm Donkin, defendant, and against James W. Keller and Mary E. Keller, his wife, plaintiffs, for the sum of $300, with interest from June 2, 1937.