## Pomarico v. Bosas

*Richard L. Jim,* for plaintiffs.
*William J. Ober,* for defendants.

McCORMICK, *J.,* January 9, 1975 — Plaintiffs seek specific performance of an alleged agreement to sell certain real estate located in Westmoreland County, Pennsylvania. At the hearing the following facts were revealed:

1. George Bosas and Margaret Mary Bosas are husband and wife.

2. On December 28, 1973, defendant George Bosas executed two identical agreements of sale for the aforementioned real estate. In said agreement of sale, Victor and Loretta Pomarico were listed as buyers, and the closing date set as February 28, 1974.

3. On March 12, 1974, defendant Margaret Mary Bosas executed one of the identical agreements of sale that her husband, George Bosas, had executed

after the words "It is understood and agreed that the proceeds of this sale shall be split equally between George Bosas and Margaret Mary Bosas, sellers herein" were added to the agreement.

4. Also on March 12, 1974, Mrs. Bosas alone executed a deed to the above mentioned real estate to plaintiffs.

5. A closing wherein conveyance of the subject property by both Mr. and Mrs. Bosas to plaintiffs never took place.

## DISCUSSION

The sole question to be decided by this court is whether or not the agreement executed by George Bosas on December 28, 1973, and later executed by Margaret Mary Bosas on March 12, 1974, after the addition of the words "It is understood and agreed that the proceeds of this sale shall be split equally between George Bosas and Margaret Mary Bosas, sellers herein," constitutes a contract legally enforceable by the Pomaricos.

The closing date designated in said agreement was February 28, 1974, and it is certain that Margaret Mary Bosas did not execute it until after that date.

Inasmuch as "The statute of frauds in Pennsylvania require the signature of the vendors only to make a binding and enforceable contract for the sale of real estate.": Tripp v. Bishop, 56 Pa. 424, the questions to be resolved are what was the effect of Margaret Mary Bosas' execution of said agreement after the designated closing date of February 28, 1974, and the effect of the additional words affixed

to the agreement after it was executed by George Bosas.

With respect to the execution of the agreement by Margaret Mary Bosas, subsequent to the designated closing date of February 28, 1974, there was testimony that the sum of $3,600 was offered to defendants' agent by plaintiffs in reliance upon George Bosas' execution of the agreement. There was also testimony that plaintiff had taken steps to conclude the sale.

The addition of the words "It is understood and agreed that the proceeds of this sale shall be split equally between George Bosas and Margaret Mary Bosas, sellers herein" in no way voided the agreement which both parties to be charged had signed, because that was a matter between the two vendors and certainly cannot be raised as against the buyers by George Bosas, because what is to be done with the purchase money is no excuse not to perform. And, of course, Margaret Mary Bosas cannot be heard to complain because she executed the agreement after adding the words.

This court is of the opinion that the agreement signed by both Bosas is legally enforceable. None of the damages plaintiffs claim have been proven as recoverable, principally for the reason that the circumstances would not warrant recovering same.

## DECREE

And now, January 9, 1975, George Bosas and Margaret Mary Bosas, his wife, are directed to convey the subject property by general warranty deed to Victor G. Pomarico and Loretta Pomarico, his wife, for the consideration and the payment of $39,000 by plaintiffs.