## Oakland Township *versus* Martin.

1. Under the Act of June 13th 1836, §§ 6, 31 (P. L. 556), supervisors of a township have the power to contract for the rebuilding of a township bridge for a specific sum, and to bind the township therefor.

2. In such case, the contractor is not bound to inquire whether the supervisors had accorded to the tax-payers of the township the statutory privilege of paying their road-taxes in labor; and in an action by the contractor against the township for the contract price of the bridge, evidence of their failure so to do is irrelevant.

October 16th 1883.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Butler county :* Of October and November Term 1883, No. 161.

Debt, by Abram Martin against Oakland township, Dennis O'Donnell and James Thornberg, supervisors, to recover a sum of money alleged to be due plaintiff on a contract with the township supervisors, for the construction of a bridge.

The facts, as they appeared on the trial before McJUNKIN, J., were as follows :—On October 16th 1879, the supervisors of Oakland township, Butler county, entered into a written contract with Abram Martin for the construction of a new bridge across a stream in said township in place of an old township bridge, which had been swept away in the early part of the preceding summer by a flood. The contract stipulated that the bridge should be constructed in accordance with certain specifications, and by a certain time, for the sum of $291, and it was admitted that in all respects the plaintiff had substantially performed his contract.

The defendants (the successors in office of the supervisors, who had made the contract) offered to prove, under a special plea, by various witnesses, that at the time the contract was made, and while the bridge was being constructed, there were taxes unpaid in the township sufficient to have built this bridge ; that many of these delinquent taxpayers were competent carpenters and stonemasons, who would have been ready and willing to pay their road taxes by their labor and services, had they received such notice as is required by the Act of April 15th 1834, § 34 (Purd. Dig. 1367).    Objected to as irrelevant.    Ob-

jection sustained, and evidence excluded. Exception. (Third assignment of error.)

The plaintiff presented the following point:

1. " The supervisors had legal power to contract for building the bridge, and the contract in evidence is binding on the township."

Answer. We answer this point in the affirmative, although we are free to admit that this answer is contrary to our preconceived opinion, and views of the law heretofore held. It is now upset upon what we think is the spirit of the decision of the Supreme Court in the case of Childs *v.* Brown Township, 4 Wright 332. The opinion in that case was delivered by Judge STRONG, and although the clause in that opinion upon which we base our answer to the first point of the plaintiff, is called, and may be probably called, a mere dictum, yet taking into consideration the high source from which this comes, we are bound to give it respect, especially as there is neither decision nor dictum of any court, or of any other judge, brought to bear against it.

Verdict for the plaintiff for $340.95, and judgment thereon. The defendants took this writ of error, assigning for error the exclusion of their offer of evidence, and the answer to plaintiff's first point.

*Charles McCandless* (*S. F. Bowser* with him), for plaintiffs in error.—The opportunity to work out road taxes is a condition precedent to any proceeding for their collection : Miller *v.* Gorman,. 38 Pa. St. 309. Supervisors can make no contract, the effect of which is to deprive the tax payers of their statutory privilege : Childs *v.* Brown Township, 40 Pa. St. 332.

*Thompson* (*J. D. McJunkin* with him), for the defendant in error.

Chief Justice MERCUR delivered the opinion of the court, October 29th 1883.

The 6th section of the Act of 13th June 1836, provides that all public roads or highways, duly laid out, approved and entered on record, shall be effectually opened and constantly kept in repair. The 31st section declares it to be the duty of the supervisors in making and repairing the public roads, " to make and maintain " within their respective townships, inter alia, " sufficient bridges over all small creeks and rivulets and deep gullies, where the same shall be necessary for the ease and safety of travelers."

Supervisors are subject to indictment for neglecting or refusing to open or repair a public highway : Graffins et al. *v.*

[Oakland Township v. Martin.]

Commonwealth, 3 Penna. R. 502; Edge v. Same, 7 Barr 275; Phillips v. Same, 8 Wright 197; Commonwealth v. Reiter, 28 P. F. Smith 161.

This was not a county bridge. The bridge built by the township had been swept away by a freshet. This contract was to rebuild on the same site. We think it was clearly within the general power of the supervisors to contract for the erection thereof. It was, however, an act requiring such deliberation, and the exercise of such judgment, as to call for the action and assent of both supervisors. Both of them were a party to this contract. Having a general power over the subject matter in the unquestioned performance of their duty, the contractor was not required to run around and inquire of the tax-payers whether they still owed road-taxes, and whether they desired to pay the same by work on the proposed bridge. He had a right to assume the supervisors were faithfully discharging their duty in making the contract, and that the taxes laid for road purposes had either been paid in work, or that the tax-payers preferred to pay the same in money. It is a well known fact that many do prefer to pay in money. The question now is not between the township and tax-payers. The latter are not here complaining that they were deprived of an opportunity of paying their taxes in labor. It is an attempt by the same authorities who made the contract with the builder of the bridge, after he has fulfilled his contract, and the township has received the benefit thereof, to repudiate the contract but to continue in the full enjoyment of the contractor's work and expenditure.

We see nothing in the case to affect the contractor with any notice sufficient to defeat his recovery : Cooper & Grove v. Lampeter Township, 8 Watts 125. We concur in the correctness of the remark of Mr. Justice STRONG, in Childs v. Brown Township, 4 Wright 332; whatever a tax-payer might have said if called upon by the township for his dues, it is not for the township to set up such a defence. We discover no error in the record.

Judgment affirmed.