## Samuel Harshman v. Dunbar Township, Appellant.

*Practice, Superior Court—Defective assignment—Appeal—Rules of court.*
An omnibus assignment of error containing twelve distinct extracts from
the general charge will be disregarded as in violation of Rule 15.

*Public officers—Official act of supervisors—Repair of roads.*
While the law requires that any action of road supervisors requiring
consultation and deliberation must be had at a regular meeting duly called
for the purpose, it has always been held that the act of supervisors in mak-
ing ordinary repairs to the road is not such an act as requires deliberation
and consultation on the part of all of the supervisors.

*Road law—Repairs—Action of supervisors—Presumption of regularity.*
Plaintiff is entitled to recover for repairs to a road ordered upon default
of the original contractor when employed to do the work by two road
commissioners, such authorization having been subsequently ratified by
the third commissioner.   The authority of the commissioners to order
such repairs exists under the Act of May 18, 1871, P. L. 899, as amended
by the Act of April 10, 1873, P. L. 761.

The doctrine of omnia præsumuntur rite esse acta applies, the township
will not be permitted to say that their legally constituted officers omitted to
comply with the legal requirement to give notice to the first contractor.

The plaintiff had the right to presume that all preliminary acts necessary
to enable the commissioners to enter into the contract had been performed
by them.   While he was bound to know the laws he was not bound to
know the facts.


Argued April 19, 1899.    Appeal, No. 145, April T., 1899,
by defendant, from judgment of C. P. Fayette Co., March T.,
1898, No. 414, on verdict for plaintiff.    Before RICE, P. J.,
BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER,
and BEEBER, JJ.    Affirmed.    Opinion by BEAVER, J.


Assumpsit.    Before MESTREZAT, P. J.

It appears from the record that this was an action brought by
Samuel Harshman against Dunbar township to recover balance
due him for services rendered to the township by furnishing a
two-horse team and labor to repair roads in that township.

At the trial, the plaintiff having closed his testimony Mr.
Lindsey, one of the counsel for defendant, made the following
motion for nonsuit:

The plaintiff having closed his testimony, the defendant, offer-

ing no testimony, moves for a compulsory nonsuit for the reason that, under the special laws relating to roads in Dunbar township, it was the duty of the road commissioners to sell out at a public sale, after ten days' public notice, all the sections of the roads in that township to the highest bidder, and that in pursuance of that duty, the road commissioners mentioned in this case did, in June, 1896, sell out the roads of the township, the sections of the roads in the township, including the section on which this extra work was done, or alleged to have been done, and for which this suit is brought. Secondly, and that it is admitted by the testimony of the plaintiff that no complaint was made to them as road commissioners of the condition of this road, and that no notice was given by them as road commissioners to Austin Livingstone, the purchaser of this section of road, to put it in good condition; it also appearing from the testimony that this contract was not let to the plaintiff at a public sale, but privately by two of the road commissioners in the office of a hotel in Vanderbilt. It does not appear that before the first conversation between the plaintiff and the defendants there was any allegation that this particular road was in bad condition, that only appearing at the second interview when the contract was made with the plaintiff. It also appears from the evidence that Austin Livingstone, the party to whom the contract for this section, section 10, was let was still a resident of Dunbar township at the time the contract was given to the plaintiff in this case.

The above motion for nonsuit was denied. Defendant then requested the court to instruct the jury that [under all the evidence in the case the plaintiff cannot recover, and the verdict should be for the defendant. *Answer :* Refused.] [1]

Verdict and judgment for plaintiff for $239.07. Defendant appealed.

*Errors assigned* were (1) refusal of defendant's point, reciting point and answer. (2) In charging the jury (parts of charge inclosed in brackets). It appears under this assignment that twelve distinct portions of the judge's charge were assigned for error under one assignment.

*R. H. Lindsey*, with him *G. D. Howell*, for appellant.—Every

one is bound to know the law. Harshman knew the township was governed by the special act of 1871. If he chose to interpret that act himself he did so at his own risk. He did not contract in a manner that would be sustained, even if he were dealing with supervisors having the general powers given by the Act of June 13, 1836, P. L. 551. The commissioners did not meet and deliberate as required by this Court in the case of American Road Machine Co. v. Township of Washington, 9 Pa. Superior Ct. 105. See cases there cited by this Court.

*H. L. Robinson*, of *Robinson & McKean*, for appellee.—The commissioners' general duty and power were matters of law and the plaintiff would be presumed to know them. Whether or not notices had been given to the contractor or contractors was matter of fact. Was he equally bound to know that? We think not. Actually, as the testimony shows, the plaintiff did not know who the contractor was or even that the road had been sold. Would he be presumed to know that this contractor, whoever he was, had not been notified to repair this piece of road? Certainly not. We think Childs v. Brown Township, 40 Pa. 332, and Oakland Township v. Martin, 104 Pa. 303, rule this case. Under the general road law every citizen is entitled to work out his road tax. Such notice is a condition precedent to the right to collect the tax and supervisors can make no contract, the effect of which is to deprive taxpayers of their statutory privilege: Childs v. Brown Township, supra.

OPINION BY BEAVER, J., November 20, 1899:

The Act of May 18, 1871, P. L. 1899, relative to public roads in South Union and Dunbar townships in the county of Fayette, provides for the election of road commissioners, one from the township of South Union and two from the township of Dunbar, increased to three by Act of April 10, 1873, P. L. 761, and prescribes the duties of the said commissioners and the mode in which they shall divide the roads and let them, for the purposes of repair and the opening of new roads, to the lowest bidder. The fourth section provides: "That it shall be the duty of each purchaser to write his or their name, and the sum he or they are to receive for repairing his or their section or

sections, in the commissioner's book, under the description thereof; and any contractor or contractors neglecting or refusing to keep his or their section or sections in repair in conformity thereto, upon complaint of any citizen of said townships, made to the commissioners thereof, it shall be their duty to examine thereinto within four days, and if they deem the complaint well founded, to give notice thereof to the party or parties so complained of, and request him or them to put his or their portion of road in good repair, within six days thereafter; and if he or they shall still neglect or refuse to repair the same, it shall be the duty of the said commissioners to have the same put in good repair and the cost of said repairs shall be recoverable as other debts of equal amount are by law recoverable, with costs of suit; and it shall not be lawful for the commissioners to become the purchaser of any contract herein authorized to be allotted." In accordance with the provisions of this act of assembly, the road commissioners provided for therein let the contract for maintaining the roads of Dunbar township at a public letting. A portion of said roads having become more or less worn and needing repairs, two of the said commissioners, with the subsequent assent and approval of the third, who had also previously agreed that the repairs were necessary and should be made, employed the plaintiff to repair certain of the roads which other persons had contracted to keep in repair under the letting and the contracts made thereunder. This special act of assembly was repealed June 14, 1897, P. L. 147. The plaintiff was allowed to recover for work done prior to the said 14th of June, 1897, but not for what was done subsequently thereto.

Upon the trial of the case, the defendant asked for binding instructions which were refused, the refusal constituting the first assignment of error. The second assignment combines twelve distinct extracts from the general charge of the court, the assignment reading as follows : The court erred in charging the jury as follows : (parts of charge inclosed in brackets). This assignment is in violation of our Rule 15 in relation to assignments of error, which requires that " Each error relied on. must be assigned particularly and by itself. If any assignments embrace more than one point or refer to more than one. bill of exceptions or raise more than one distinct question, it.

shall be considered a waiver of all the errors so alleged," etc.
This assignment may, therefore, be well disregarded, particu-
larly as we are enabled to determine very clearly from the ar-
gument the particular grounds upon which defendant relies in
support of his prayer for binding instructions. We, therefore,
consider the whole case under that assignment.

The defendant's contention is, first, that the road commis-
sioners having failed to meet for consultation and deliberation
in regard to the employment of labor for the repairs upon the
roads, the contract made with the plaintiff was illegal and,
therefore, not binding upon the township, and, second, that,
inasmuch as no notice was given to the original contractors for
repairs to the roads upon which the plaintiff worked, in accord-
ance with the provisions of section 4 of the act of 1871, supra,
the township is not liable. The second of these reasons is more
seriously insisted upon in the defendant's argument than the
other. As we have lately held in Machine Co. v. Washington
Township, 9 Pa. Superior Ct. 105, and in Climax Co. v. Alle-
gheny Township, 10 Pa. Superior Ct. 437, following a long
line of well-considered cases in the Supreme Court, any action
of road supervisors requiring consultation and deliberation must
be had at a regular meeting duly called for that purpose, but it
has always been held that the acts of supervisors in making
ordinary repairs to the roads is not such an act as requires
deliberation and consultation on the part of all the supervisors.
As was said in Union Township v. Gibboney, 94 Pa. 534:
"When damage is done to a road or bridge by a freshet or
other accidental cause or when it needs repair from the natural
progress of decay, there can be no objection to the necessary
expenditure being authorized by less than a majority. This is
an absolute duty which calls neither for deliberation nor consul-
tation." The repairs authorized by two of the commissioners
and the employment of the plaintiff to make them and the sub-
sequent ratification or approval of the remaining commissioner
was sufficient employment to justify the plaintiff in doing the
work and to warrant a recovery against the township for the
same. See Jefferson Co. v. Slagle, 66 Pa. 202.

But it is alleged that the commissioners had not given the
notice required by the 4th section of the Act of May 18, 1871,
supra, and that, therefore, they had no authority to employ the

plaintiff, until such notice had been given and the regular con-
tractors had refused for six days after notice to make necessary
repairs.    This, of course, raises the main question in the case.
Was it the duty of the plaintiff to inquire as to whether or not
the commissioners had done their duty, before seeking employ-
ment from them and doing the work which was authorized by
that employment?    In Oakland Township v. Martin, 104 Pa.
303, in which suit was brought against the township to recover
upon a contract for the reconstruction of a bridge which had
been swept away by a freshet, it was said : " Having a general
power over the subject-matter in the unquestioned performance
of their duty, the contractor was not required to run around
and inquire of the taxpayers whether they still owed road taxes
and whether they desired to pay the same by work on the pro-
posed bridge.   He had a right to assume the supervisors were
faithfully discharging their duty in making the contract and
that the taxes laid for road purposes had either been paid in
work or that the taxpayers preferred to pay the same in money."
Ordinarily in dealing with public officials, where the right to
bind the municipality by a contract exists, the doctrine of om-
nia præsumuntur rite esse acta applies and we think that doc-
trine is applicable here.   In Danville Hospital v. Overseers,
etc., 163 Pa. 175, in which the plaintiff sought to recover for
the maintenance of three insane paupers, the defendant claimed
that it was necessary for the plaintiff to show affirmatively that
an order of relief or approval had been obtained as a condition
precedent to a recovery.   Mr. Justice GREEN, in delivering the
opinion of the Supreme Court, says : " The verdict of the jury
must be taken to have settled the facts of poverty and insanity,
and the only question reserved by the court below was as to
the necessity of there being proof in the case of an order of
relief or an order of approval.   But that question could affect
only the regularity of the preliminary proceedings, and we are
of opinion that as against this plaintiff the district was bound
by the act of its overseers and cannot now, after having received
all the benefit of the relief and support furnished by the plain-
tiff, be heard to say that their own legally constituted officials
omitted to comply with some legal requirement in acquiring
jurisdiction of the paupers in the first instance.   When the
district, through its overseers, placed these paupers with the

plaintiff, they must be deemed to have asserted that the paupers were what the overseers claimed them to be. It is too late and it would be too unjust to permit them to assert the contrary now." See also Rex v. Catesby, 2 B. & C. 814; Rex v. Whitchurch, 7 B. & C. 573; Hartwell v. Root, 19 Johnson, 345; 10 Am. Dec. 232; Farr v. Sims, Rich. Eq. Dec. 122; 24 Am. Dec. 396; Squier v. Stockton, 5 La. Ann. 120; 52 Am. Dec. 583; Dubuc v. Voss, 19 La. Ann. 210; 92 Am. Dec. 526. This doctrine applies with equal force and pertinency to the present case. The verdict of the jury settled the fact that the roads were in need of repair. This being the case, the commissioners had the right under the law to contract therefor. Of this the law itself acquainted the plaintiff. He had the right to presume that the preliminary acts necessary to enable the commissioners to enter into the contract had been performed by them. It was not his imperative duty to inquire of the contractors whether or not the notice required by the act had been given. That was an official duty incumbent upon the commissioners. When the commissioners made the contract, they must be deemed to have asserted that the preliminaries necessary to the making of that contract had been performed. As was said in the argument of the appellee, the plaintiff was bound to know the law, but he was not bound to know facts. As to the latter, so far as the duties of the commissioners were concerned, he could rightfully presume their existence and that the duties of the commissioners under the law had been performed. It is not necessary to consider what the commissioners might or might not have done in the presence of a sudden emergency. This was not such a case and can well rest upon its own facts.

One or two minor questions commented upon by the court below in the general charge and included in the omnibus assignment of error, hereinbefore referred to, need not be considered. They do not affect the general principles governing the case, were not necessary to its consideration and were mere dicta which could not in any way affect the main question as presented to the jury.

The township received the benefit of the plaintiff's work and it would be unjust as well as illegal to take advantage thereof without compensation. Presuming that the commissioners

took bonds from the contractors for the faithful discharge of their duties thereunder, the township has its remedy upon this bond, if due notice was given to the contractor. If the commissioners were negligent in the discharge of their duties in that regard, they might be held responsible for such negligence. Considering the case in all of its aspects, the plaintiff certainly received no more than the law allowed and no injustice is done to the defendant and it should not be and is not without remedy, if it has paid twice for the same service.

Judgment affirmed.