## Haines *v.* Dearborn, Appellant.

*Vendor and vendee—Contract by letters—Statute of frauds.*

A contract for the sale of land will be sustained where it appears that
there was a series of letters between the vendor and vendee; that in one
of the letters a price was fixed from which no variance was made or sug-
gested in any of the later letters; that the land was referred to in the let-
ters by a name by which it had been known for fifty years, that the state
and county in which it was situated was mentioned, that reference was
made to the vendor's deed and his source of title, that the names of per-
sons occupying the land was stated, and that the vendor in the letters
constantly averred a contract which the vendee did not deny.

Argued April 1, 1901.    Appeal, No. 52, Jan. T., 1901, by
defendants, from judgment of C. P. No. 4, Phila. Co., June T.,
1896, No. 142, on report of referee in case of Hanson H. Haines
v. Abbie H. Dearborn and Frank Craven, Executors of George
E. Dearborn, deceased.    Before McCOLLUM, C. J., FELL,
BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Assumpsit to recover purchase price of a farm.

The case was referred to Alex. Simpson, Jr., Esq., as re-
feree, from whose report it appeared that from April 2, 1895,
to March 17, 1896, a series of letters passed between Hanson
H. Haines, plaintiff and George E. Dearborn.    It was claimed
that in these letters there was a contract for the sale by Haines
to Dearborn of a farm referred to in the letters as the " Barnes
Farm," situated in Cecil County, Maryland.    In a letter dated
April 3, 1895, the price fixed for the farm and certain person-
alty was $9,000, and no variance from this price was made or
suggested in any of the later letters.    During the course of
the correspondence Haines constantly averred a contract which

Dearborn did not deny. Dearborn's sole cause of postponement was lack of ready cash, and he constantly promised that as soon as he got the cash in bank he would pay for the farm.

In a letter of April 2, 1895, and many thereafter, the land was spoken of as the " Barnes Farm." In that of April 3, 1895, reference was made to the deed to plaintiff therefor lately recorded. In that of April 9, 1895, the title was stated to be the one acquired by order of the court on a first mortgage sale and duly recorded. In that of October 3, 1895, the farm was located in Cecil county. In that of December 5, 1895, the farm was stated to have been leased from S. A. Barnes for a period expiring March 26, 1896, and then occupied under that lease. And the whole correspondence indicated that it was in the state of Maryland, and was occupied by the farmer referred to, and by S. A. Barnes, Hathaway and Kelly.

In addition the referee found as a fact that the Barnes farm, which was accurately described in the deed tendered and referred to in the correspondence, had been known by that name in Cecil county for at least fifty years.

The referee held that a contract was established and that the land was sufficiently described. He awarded in favor of plaintiff for the sum of $9,000 with interest from April 26, 1895.

Exceptions to the referee's report were dismissed by the court.

*Errors assigned* were in dismissing exceptions to referee's report.

*John G. Johnson*, with him *Frederick J. Shoyer*, for appellants.

*Henry C. Terry*, for appellee.

Per Curiam, May 27, 1901 :

We have examined and considered with care the report of the learned referee, together with the testimony and correspondence on which it is founded, and our conclusion is that no error appears in it which would authorize a modification or reversal of it in favor of the defendants. The exceptions filed to the report by the defendants were duly considered, passed upon, and finally dismissed by the court. As we are satisfied that a just conclusion was reached by the learned referee and approved by the court, we unhesitatingly affirm the judgment appealed from. We therefore dismiss all the assignments of error.

Judgment affirmed.