## Sutter *v.* Isabella Furnace Company, Appellant.

*Vendor and vendee—Statute of frauds—Memorandum in writing.*

An owner of land executed a paper in the nature of an option in which he appointed an agent to sell the land. He knew at the time that the person whom he appointed was also the agent under a special employment of the person who subsequently became the purchaser. Within the time limit of the option the agent by letter accepted the property on behalf of the purchaser. *Held,* that the papers constituted a sufficient memorandum in writing within the meaning of the statute of frauds.

Argued Oct. 26, 1904. Appeal, No. 130, Oct. T., 1904, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1902, No. 420, on verdict for plaintiff in case of Samuel Sutter v. Isabella Furnace Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Assumpsit to recover the purchase price of land. Before FRAZER, P. J.

At the trial it appeared that on February 14, 1901, plaintiff, being the owner of certain lots of ground, executed in writing the following paper:

"February, 1901.

"H. S. AYRES:

"For the period of time ending four months from date, you are hereby appointed my sole agent for me and in my name to sell and execute contracts of sale for all that certain property situate and described as follows: Being lots Nos. 61, 62, 63, 64, 65, 66, 67, 68 and 69, situate in Etna, being a part of the Erdner plan of lots, for the price of $250 per lot. Terms $100 cash per lot on delivery of deed, balance on bond and mortgage. Possession on delivery of deed. Property to be free of all encumbrances, and title perfect. If sale is completed during said period of time, will pay you a commission of $—————— on price accepted by ————.

(Signed)        "SAMUEL SUTTER. [Seal] "

which paper was delivered to Mr. Ayres. On June 14, 1901, plaintiff received the following notice in writing:

"MR. SAMUEL SUTTER, ETNA, PA.

"Dear Sir:

"This is to advise you that I have this day disposed of your lots in the Erdner plan of lots, Etna, Pa., on the terms specified in the options held by me. Please be ready to deliver deed upon payment of amount due you therefor.

"Very truly,

"H. S. AYRES,

"By J. D. AYRES,

"for E. D. AYERS,

"Executrix."

To which notice plaintiff replied to Mr. J. D. Ayres as follows:

"Dear Sir:

"Have received your letter of June 14th, saying you had sold my lots in the Erdner plan, and I hereby confirm your action.

"Yours truly,

"SAMUEL SUTTER."

Previous to February 14, 1901, H. S. Ayres was employed by defendant company as its agent to purchase the lots of plaintiff, together with other lots situate in the Erdner plan, for which service he was to receive the sum of $250 as compensation. That subsequent to February 14, and previous to June 14, H. S. Ayres died, and his son, J. D. Ayres, was authorized by defendant to act in the place of his father in consummating the purchase of the various lots in the Erdner plan which his father had previously been employed by defendant to purchase for it. After receiving the note of June 14 of the sale of the lots and the confirmation thereof by plaintiff, plaintiff executed a warranty deed for the lots, which was delivered, to Mr. Ayres as the agent of defendant, and by him delivered to the attorneys for defendant company. The deed so delivered, not being acceptable to the defendant company's attorneys, was rewritten in accordance with their instructions, reexecuted and again delivered to defendant's attorneys, who again refused to accept it, and for defendant declined to complete the purchase and take the property. The letter of J. D. Ayres to plaintiff dated June 14, 1901 was written and delivered

to plaintiff in response to instructions received by him from the president of defendant company in New York through its officers here.

Verdict for plaintiff for $2562.18, subject to question of law reserved.

The court on motion entered judgment on verdict for plaintiff.

*Error assigned* was in entering judgment on the verdict.

*D. A. Reed*, of *Reed, Smith, Shaw* and *Beal*, with him *L. H. Burnett*, for appellant.—There must be mutuality of remedy: Meason v. Kaine, 63 Pa. 335.

The defendant could not have enforced specific performance: Hart v. Carroll, 85 Pa. 508 ; Allebach v. Godshalk, 116 Pa. 329 ; Allen v. Allen, 45 Pa. 468 ; Haydock v. Stow, 40 N. Y. 363.

*James S. Campbell*, for appellee.—The following authorities show clearly that the memoranda and writings in this case above named, are sufficient to comply with all the requirements of the statute: Lowry v. Mehaffy, 10 Watts, 387 ; McFarson's Appeal, 11 Pa. 503 ; Tripp v. Bishop, 56 Pa. 424 ; Johnston v. Cowan, 59 Pa. 275 ; Smith & Fleck's Appeal, 69 Pa. 474 ; Cadwalader v. App, 81 Pa. 194 ; Swisshelm v. Swissvale Laundry Co. 95 Pa. 367 ; Sylvester v. Born, 132 Pa. 467 ; McClintock v. South Penn Oil Co., 146 Pa. 144 ; Everhart et. al v. Dolph, 133 Pa. 628 ; Yerkes v. Richards, 153 Pa. 646 ; Witman v. City of Reading, 191 Pa. 134.

PER CURIAM, November 4, 1904.

The learned judge below after stating the facts proceeded, " The sole question before us is, do the papers above quoted together constitute an instrument in writing sufficient to satisfy the statute of frauds. We think they do. The option of February, 1901, is signed by plaintiff and was delivered by him to Mr. Ayres, who in receiving it was acting as the agent of defendant under a special employment. While the option appoints Ayres plaintiff's agent to sell the lots, it was understood by plaintiff that Ayres was acting for defendant, and

that defendant would be the purchaser. The paper should therefore be treated as an option to Ayres as the representative of defendant, and would become binding upon both parties upon an acceptance by defendant. This we have in the letter of Ayres of June 14th, 1901, written at the request of defendant's proper officers, and if anything further is required we have plaintiff's ratification of the sale in writing and the execution and tender of a deed for the lots. It seems to us the writings above referred to are sufficient to bind plaintiff, and we see no reason why they should not bind defendant. This case is similar in many respects to Smith & Fleek's Appeal, 69 Pa. 474 and McClintock v. South Penn Oil Co., 146 Pa. 144, and in our opinion is ruled by those cases."

The judgment is affirmed on this opinion.