## Freeman, Appellant, v. Lieberman.

*Auctioneers—Sale of real estate—Check for earnest money to auctioneers.*

1. Where the terms of sale of real estate at public auction require a purchaser to make a cash payment of earnest money to the auctioneers, and a purchaser gives his check for such earnest money to the auctioneers, the latter may maintain an action on the check in their own names, and payment to them will discharge the instrument. The defendant is free to make any defense against the check which he could have made if the action had been brought directly upon his oral promise to pay the earnest money.

2. In such a suit it appeared that the owner had given written authority to the auctioneers to sell the real estate in question. The testimony showed that the defendant had signed the auctioneers' book, which, however, was not produced in evidence. It also appeared that the terms of the sale provided that if the purchaser defaulted, the seller should have the option of declaring the sale off, and retaining the deposit money, or of reselling the property and of retaining the deposit money on account of any loss that might be occasioned thereby. The defendant offered evidence that there had been unlawful puffing at the sale, and that in consequence of this he had stopped payment on the check. The plaintiffs produced testimony contradictory of the charge of puffing. Some time after the auction, and after suit had been begun the property in question was sold again at a loss of $25.00. *Held*, that it was reversible error for the court to give binding instructions for the defendant.

Argued Oct. 25, 1912.   Appeal, No. 99, Oct. T., 1912, by plaintiffs, from judgment of C. P. No. 2, Phila. Co., March T., 1911, No. 3,730, on verdict for defendant in case of Samuel T. Freeman, George C. Freeman and Samuel M. Freeman, trading as Samuel T. Freeman and Company, v. Solomon Lieberman.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit upon a check.   Before WILTBANK, J.
The facts are stated in the opinion of the Superior Court.
The court gave binding instructions for defendant.
Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned* were in giving binding instructions for defendant.

*Paul Freeman,* for appellants.—Plaintiffs named as payees in the check were entitled to sue thereon in their own name: Pearce v. Austin, 4 Whart. 489; Camden Nat. Bank v. Fries-Breslin Co., 214 Pa. 395.

The fact that the property was subsequently sold at a loss of only $25.00, is not a valid defense to a suit on the check, on the ground that there was a failure of consideration: Mills v. Oddy, 6 C. & P. 728; Spiller v. Westlake, 2 Barn. & Adol. 155; Thompson v. Kelly, 101 Mass. 291; Lichetti v. Conway, 44 Pa. Superior Ct. 71; Sanders v. Brock, 230 Pa. 609.

*Jacob Weinstein,* for appellee.

OPINION BY PORTER, J., February 27, 1913:

The plaintiffs brought this action of assumpsit upon a check, payable to the order of the plaintiff firm, made by the defendant.   The genuineness of the check being admitted, the production thereof in evidence established the prima facie right of the plaintiffs to recover.  The burden of proof being thus cast upon the defendant, he

attempted to discharge it by the production of evidence tending to establish the following facts. The plaintiffs were auctioneers and, by a written instrument, signed by the owner, were duly authorized to sell certain real estate, in the writing fully described, at public sale on April 26, 1911. The real estate was on said day sold at public auction by the plaintiffs and knocked down to the defendant at his bid of $5,000. The terms of the sale required the defendant to make a cash payment, as earnest money, of $300 to the auctioneers, the plaintiffs. The defendant thereupon signed the auctioneers' book and made, signed and delivered to the plaintiffs the check in question. The defendant testified that after he had signed the book and delivered the check he discovered that while the sale of the property in question was in progress there had been "puffing," that Landaw, who unknown to the defendant was the owner of the property, had made a number of bids which were accepted by the auctioneer, that after making this discovery he, the defendant, repudiated the sale and stopped payment of the check. The defendant testified fully as to the conduct of Landaw and the auctioneer during the sale and called other witnesses who to some extent corroborated his testimony. The testimony of these witnesses, if believed, would have warranted a finding of facts which would have vitiated the sale. The plaintiffs in rebuttal, called a number of witnesses who flatly contradicted this testimony. The court below gave binding instructions in favor of the defendant and, judgment having been entered 'on the verdict, the plaintiffs appeal.

The plaintiffs were the payees of this check and had it in their possession, they were the holders, they had a right to maintain an action on it in their own names, and payment to them would discharge the instrument. The terms of the sale required the cash deposit to be paid to the plaintiffs, and for that deposit they might, upon failure of the defendant to pay it, maintain an action in their own names to recover the deposit: 4 Cyc. 1053.

There is in this case no evidence of an agreement that the auctioneer should make good in cash to the owner of the real estate the amount of the deposit required and that, as between the auctioneer and this defendant the check should constitute an independent transaction. The check was not accepted as a full discharge of the duty of the defendant to make the deposit. The defendant is free to make any defense against the check which he could have made if the action had been brought directly upon his oral promise to pay the earnest money. The plaintiffs will hold whatever amount they recover upon this check to the same uses that they would have held a deposit of cash made by the defendant, under the terms of the sale; the check is a security collateral to the undertaking of the defendant to make the deposit: Camden Nat. Bank v. Fries-Breslin Co., 214 Pa. 395.

The whole transaction involved a sale of real estate, and whether it was sufficiently evidenced by writing to take it out of the operation of the statute of frauds does not, from the evidence, clearly appear. The owner had by a written instrument authorized these plaintiffs to sell the land. It is not necessary that the writing, in order to comply with the requirements of the statute of frauds, should all be comprised within a single instrument. It is sufficient if a number of instruments, referring to each other, fully identify the property and fix the terms of the contract: Haines v. Dearborn, 199 Pa. 474; McFarson's Appeal, 11 Pa. 503. The defendant, after the property was knocked down to him at his bid, did sign a book, but the book was not offered in evidence and we know nothing of its contents, nor does it appear that it was signed by the plaintiffs, as the agents of Landaw, the owner. The evidence was not sufficient to warrant any attempt to enforce a specific performance of the contract of sale, nor to sustain an action to collect from the defendant the full amount of the purchase money: Tripp v. Bishop, 56 Pa. 424; Everhart v. Dolph, 133 Pa. 628; Walter v. Transue, 17 Pa. Superior Ct. 94.

Among the express terms of the sale was the following: "In addition to any other remedies given by law to the seller, it is agreed that in case of failure by the purchaser to comply with the terms of the sale the seller shall have the option of declaring the sale off and of retaining the deposit money as liquidated damages for the default, or of re-selling the property either at public or private sale at the expense and risk of the purchaser and of retaining said deposit money on account of any loss that may be occasioned thereby." The defendant having stopped payment of his check and failed to pay the cash deposit and having notified the auctioneer and the owner, Landaw, that he declined to comply with the provisions of the sale, the plaintiffs brought this action upon the check, and, after the action had been brought, the plaintiffs sold the property to another party for $25.00 less than the amount of the defendant's bid at the auction. The owner was not bound to retain his property indefinitely, after the defendant had repudiated the sale: Lichetti v. Conway, 44 Pa. Superior Ct. 71; Sanders v. Brock, 230 Pa. 609; Durham v. Wick, 210 Pa. 128. The right of the plaintiffs to recover, in this action, was not wholly dependent upon whether there was sufficient written evidence of the contract to render it enforceable under the statute of frauds. Under our statute a parol contract for the purchase and sale of lands is not rendered absolutely void, and an action for damages may be maintained under such contract. But when such an action is brought against a vendee, the measure of damages for the breach of his contract is not the price he agreed to pay, but the vendor is entitled to be placed in a condition as favorable as that he would have occupied if the bargain had not been made: Tripp v. Bishop, 56 Pa. 424; Bowser v. Cessna, 62 Pa. 148; Walter v. Transue, 17 Pa. Superior Ct. 94. An auction sale is presumed to involve expenses and labor and the auctioneer is entitled to his compensation. These plaintiffs undoubtedly had the right to retain out of the deposit money which they re-

quired their reasonable charges upon the sale.  The evidence produced by the defendant, as to the conduct of the auctioneer and the owner of the real estate at the auction raised the question as to the good faith of those parties, which went to the validity of the whole transaction, but that question was for the jury.  If upon that issue the jury found for the plaintiffs then they were entitled to recover at least nominal damages.  The court below fell into error in instructing the jury to find a verdict in favor of the defendant.

The judgment is reversed and a venire facias de novo awarded.