## Walz v. Wilson Borough.

*Townships—Validity of bids—Advertisements—Rebuttable presumption— Act of July 14, 1917.*

1. A written bid submitted at a meeting of township commissioners and the written acceptance on the minutes of the township commissioners in the form of a resolution is a contract "in writing," as contemplated by section 393 of the Act of July 14, 1917, P. L. 840, which provides that "all contracts or purchases made by any township of the first class involving the expenditure of over $500 shall be in writing."

2. When a statute requires that a municipal contract shall be awarded only after due advertisement, a contract not so advertised is invalid.

3. The presumption, *omnia præsumuntur rite esse acta,* is rebuttable, and the question whether there was due advertisement by the municipality before the contract was awarded is a question of fact to be decided by the jury.

Motions for judgment *n. o. v.* and new trial. C. P. Northampton Co., Sept. T., 1922, No. 89.

*Clarence Beck,* for John Walz; *Dudley A. Giberson,* for Wilson Borough.

RENO, P. J., 31st judicial district, specially presiding, Dec. 15, 1924.—At a meeting of the Board of Commissioners of the Township of Wilson, a township of the first class, which has since become the Borough of Wilson, held on March 10, 1919, "the secretary was instructed to advertise for 5000 tons of crushed stone." At its meeting on March 24, 1919, it appears that "Mr. John Walz submits the following prices on 5000 tons of crushed stone: $1.25 per 2000 pounds f. o. b. Farmersville, Pa.; $2.20 per 2000 pounds delivered on the township streets; action was suspended on account of there being no other bids submitted." At the meeting of April 24, 1919, "it was also decided to purchase the crushed stone from Mr. Walz, of Farmersville, at estimate given at meeting of March 24, 1919." The parts quoted above are extracts from the minutes of the meetings, all of which were approved at subsequent meetings.

Thereafter, the township ordered, and plaintiff delivered, 671 tons of crushed stone, for which the township paid. This suit is to recover for the damages suffered by the failure of the township to order or accept the balance of 4329 tons. Plaintiff recovered a verdict for the full amount of his claim, and we have before us defendant's motions for judgment *n. o. v.* and new trial.

The bid of plaintiff referred to in the minutes above quoted was in writing, signed by plaintiff and its terms are substantially those set forth in the minutes of March 24, 1919. This brings us to the consideration of the first contention of defendant. The Act of July 14, 1917, § 393, P. L. 840, provides that "all contracts or purchases made by any township of the first class involving the expenditure of over $500 shall be in writing." Defendant con-

tends that the words "in writing" contemplate and require a formal written instrument, apart from the written bid and the written acceptance on the minutes, signed by the seller and by the proper officers of the township. He cites no Pennsylvania cases which rule the contention. We cannot adopt his contention. The words "in writing" are familiar legal terms. They occur in many acts, notably the Statute of Frauds and the Sales Act of 1915. Under the former, it has frequently been held that a formal sealed instrument is not required by the words "in writing" (Witman v. Reading, 191 Pa. 134), and, in fact, any written agreement is sufficient, even if it consists of more than one paper, e. g., a written offer accepted in writing: Sutter v. Isabella Furnace Co., 210 Pa. 79; Haines v. Dearborn, 199 Pa. 474. Under the latter act, the requirement that contracts shall be "in writing" has been held to have been fully satisfied by any note or memorandum in writing indicative of the intent of the parties and being sufficiently precise to enable one to ascertain the terms of the contract and signed by the party to be bound (Mason-Heflin Coal Co. v. Currie, 270 Pa. 221), or where the memorandum is made up of several papers, which together will furnish the essential terms: Manufacturers' Light and Heat Co. v. Lamp, 269 Pa. 517. A resolution by a municipal body satisfies the requirements of the statute: 27 Corpus Juris, 257. Our conclusion is that the contract is in writing; that is, both the bid and its acceptance are written, and the two together constitute a contract in writing.

The next contention of defendant presents a more difficult problem. The act already quoted further provides that "all contracts . . . shall be made with the lowest financially responsible bidder after notice by the secretary, published once a week for three weeks in one or more newspapers of the county circulating in the township." This requirement, defendant contends, has not been followed. It will have been observed that the secretary was instructed to advertise. The plaintiff testified that he saw a notice in a newspaper to the effect that the township wished to purchase stone. He does not remember in which newspaper it appeared, and does not know whether it was an advertisement or a news item reporting the proceedings of the meeting of the board. The secretary testified that "it appears as a probability that it was advertised," but there was no payment made for advertising, there was no record of an advertisement in the borough books, and the publisher of the newspaper in which the township customarily advertised for bids testified that there was no advertisement in that newspaper during the period. In short, the proof in the case left in grave doubt the question as to whether or not the provisions of the statute requiring advertising had been obeyed.

Unquestionably, when a statute requires that a municipal contract shall be awarded only after due advertisement, a contract not so advertised is invalid: Philadelphia Co. v. Pittsburgh, 253 Pa. 147. This is conceded, and the real problem here is not the effect which follows a failure to advertise, but rather a question of the burden of proof. Upon whom rested the duty of showing the facts concerning the advertisement? Was the plaintiff compelled, as a part of his case, to show compliance with the law? Or does the failure to advertise constitute an affirmative defence available to defendant to defeat recovery?

We think that, primarily, the duty of establishing compliance with the statute rested upon plaintiff. He was suing upon a contract. To recover he must show a contract. To show a contract he must establish every element necessary to the creation of a valid agreement. A municipality is the creature of the State and has only those powers conferred upon it by the State. The

Walz v. Wilson Borough.

State can grant certain powers and withhold others. It can grant powers only upon condition that they be exercised in a certain manner, and may declare that, if not exercised in the prescribed manner, the grant of power is not exercised at all. This is precisely what all of our cases hold with respect to contracts by municipalities; that is, if a statute requires advertising, no contract comes into being unless it be advertised: Addis v. Pittsburgh, 85 Pa. 379; Hepburn v. Philadelphia, 149 Pa. 335; McManus v. Philadelphia, 201 Pa. 619; Smart v. Philadelphia, 205 Pa. 329; Press Publishing Co. v. Pittsburgh, 207 Pa. 623; Carpenter v. Yeadon Borough, 208 Pa. 396. Indeed, it is unnecessary to rely upon the cases for this principle, for the act itself expressly provides that "any contract made in violation of the provisions hereof shall be void." Consequently, plaintiff being obliged to prove a valid contract and its validity being dependent upon the factor of advertising, he carried as a part of his burden of proof the duty of establishing the advertisement.

This, plaintiff apparently concedes. Having been unsuccessful in his efforts to establish the advertisement, he relies upon the presumption that public officers perform their duties, and that, therefore, he need not affirmatively show that there was an advertisement. There is considerable force to the contention. In the first place, there is a presumption that public officers perform their duty: Vernon Township v. United Natural Gas Co., 256 Pa. 435; Harshman v. Dunbar Township, 11 Pa. Superior Ct. 638; Alexander v. Zerbe Township Poor District, 63 Pa. Superior Ct. 356. Secondly, the secretary was expressly directed by the board to advertise, so that the presumption gathers the additional force from the circumstances that the presumption applies to the board and to its secretary. And, thirdly, there is authority for the proposition that if a municipal contract is in other respects a proper exercise of the power to contract, a plaintiff may rest upon the principle of omnia præsumuntur rite esse acta, and thereby discharge the burden of showing the advertisement: Fell v. Philadelphia, 81 Pa. 58, 74; Pittsburgh v. Walter, 69 Pa. 365.

But the presumption is rebuttable (4 Corpus Juris, 135), and this brings us to the nub of the case. The trial judge submitted the case to the jury upon the theory that by the presumption the plaintiff had made out a prima facie case and that since defendant's evidence did not clearly show that there was no publication, the presumption must be fully indulged. Hence, he charged that the evidence showed a valid contract, leaving to the jury the determination of the damages. This was error and a new trial is necessary. The presumption was sufficient to carry the case to the jury, but it was for the jury to determine from all the evidence the question of fact whether there was a publication of the advertisement: Kelly v. Director General, 274 Pa. 470. By the same token, also, the motion for judgment n. o. v. must be overruled; there being conflicting evidence upon the material point as to whether there was an advertisement, the jury must pass upon it: Dalmas v. Kemble, 215 Pa. 410. It is true that defendant showed no publication in the newspaper in which it usually advertised, and, therefore, it might appear that judgment should be entered for it. But the possibility that the advertisement was published on this occasion in some other newspaper requires that the jury determine the question of fact.

Now, Dec. 15, 1924, the rule to show cause why judgment n. o. v. should not be entered for defendant is discharged; the rule to show cause why a new trial should not be granted is made absolute, and a new trial is granted.