# Freeman et al., Appellants, *v.* Tabas.

*Auctioneers—Suit in name of auctioneers—Parties—Principal and agent—Undisclosed principal.*

1. Auctioneers cannot bring an action in their own name to recover deposit money as the consideration for a sale made by them, where they are acting as agents only and have no interest in the purchase price, and are without authority to collect it.

Argued November 30, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 224, Jan. T., 1927, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., June T., 1926, No. 18392, for defendant on affidavit of defense raising question of law, in case of George C. Freeman et al., trading as Samuel T. Freeman & Co. v. Morris Tabas. Affirmed.

Assumpsit by auctioneers to recover amount of bid at auction sale. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Judgment for defendant. Plaintiffs appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Raymond K. Denworth,* with him *Carl W. Funk* and *Dickson, Beitler & McCouch,* for appellants.—The authorities sustain the right of an auctioneer to sue in his own name: Willing v. Roland, 4 Dallas 106; Freeman v. Lieberman, 52 Pa. Superior Ct. 426.

The auctioneer being a stakeholder should be allowed to maintain such an action: Rittenburg v. Freeman & Co., 16 Pa. Dist. R. 8; Kassoy v. Freeman, 16 Pa. Dist. R. 16.

*Abraham Wernick,* of *Evans & Wernick,* for appellee, cited: Gross v. Lundy, 87 Pa. Superior Ct. 78; Artzerounian v. Demetriades, 276 Pa. 303.

OPINION BY MR. JUSTICE FRAZER, January 3, 1928:

Plaintiffs are auctioneers and in the course of their business advertised for sale at auction real estate described as property of the India Realty Association, situate at Meadow and Vandalia Streets in the City of Philadelphia. The general terms of sale of the real estate required the successful bidder to make a deposit at the time of acceptance of his bid, which deposit the auctioneers were empowered to hold to reimburse themselves for loss by reason of default on the part of the purchaser, and it was further provided that, in case the purchaser should fail to comply with the terms of sale, the seller should have the option to declare the sale off and retain the deposit money as liquidated damages or he could resell the property and retain such deposit to reimburse him for loss that might thereby result. Another provision stated that "the auctioneers are acting as agents only and are not responsible for the acts of their principals." Although the memorandum, signed by plaintiffs and defendant, the latter, the purchaser, called for a payment of $12,500 to plaintiffs at the time of sale, through an oversight or other reason immaterial so far as this case is concerned, plaintiffs failed to procure the

cash payment provided for from defendant, and now sue in their own names to recover that sum.

The statement of claim does not aver plaintiffs suffered loss by reason of defendant's default, nor is there an allegation of a breach of duty or contractual obligation owed by defendant to plaintiffs. The claim is founded wholly on the declaration that, pursuant to the terms of sale and memorandum signed by defendant at the sale, the property was knocked down to him and there became due from him $12,500, which he subsequently refused to pay. An affidavit of defense filed, raised preliminarily the question of plaintiffs' right to sue in their own names. The court below concluded the statement failed to set forth a good cause of action in favor of plaintiffs and entered judgment for defendant. Plaintiffs appealed.

As a general rule, the agent of a disclosed principal cannot sue on a contract in his own name inasmuch as in such case the real party in interest in the agreement is the principal and not the agent. Numerous cases illustrating this principle are collected in 2 C. J. 829, section 504, and page 895, section 594. While exceptions to this rule exist, they usually occur where the contract stipulates to the contrary, or the circumstances indicate a right vested in the agent which the parties apparently contemplated could be enforced by him. Thompson v. Kelly, 101 Mass. 291, and Freeman v. Lieberman, 52 Pa. Superior Ct. 426, relied on by appellants, illustrate the application of the rule to the sale of real estate by an auctioneer. In the former case the agreement was that the deposit money should be paid "into the hands of the auctioneer," and it was held the latter could sue in his own name to recover the amount to be thus paid. In the latter case a check for the deposit money was made payable to the auctioneer, and the court ruled, as holder and payee of the instrument, he had a right to sue to collect in his own name. There is, however, nothing in the present case to sanction an ac-

tion by the auctioneers in their own names. They were not interested in the purchase price and were without authority to collect it. While it is true the memorandum and terms of sale contain provisions giving the auctioneers specified powers in the matter,—as, for instance, the right to reimbursement out of the deposit money for loss sustained in the event of failure to give notice of delay in making settlement, or for loss due to any subsequent agreement made between vendor and purchaser,—the statement contains no averment of such loss or damage, and no allegation that injury resulted, but merely claims to recover the deposit money as part of the consideration for the sale. In effect, the action is by parties who claim to have acted merely as agents to compel specific performance of the contract by recovering the purchase money. There is nothing in the agreement or in the statement of claim to sustain such action.

The judgment is affirmed.